Curia, -per Harper, Ch.
I am of opinion that there is nothing in the distinction attempted to be taken between the case where the legal title to the property is in the. husband as express trustee, or in a third person as trustee. In the view of this court, the marital rights of the husband do not attach. The argument is that he is both trustee and cestui que trust, and, uniting the legal and equitable estate in himself, must therefore have an unqualified estate subject to executions at law. But such is not the view of this court. It regards the legal and equitable estates as separately existing, and as it would restrain the creditors of any other trustee from making the property liable to the satisfaction of his personal debts, so it will restrain the creditors of the husband. As trustee he has an absolute estate in the property, or, as it is sometimes said, the fee; as cestui que trust he has only an estate for the joint lives of himself and wife. The legal estate is exclusively in him as trustee. He takes the equitable estate jointly with his wife. It is true that the wife takes no separate estate, and when the joint income is received, it will be entirely at the disposition of the husband. But this would be the case if another person were trustee and the property were given entirely to the use of the wife without saying to her sole or separate use. The decisions in the cases of Burnett vs. Rice, and Ioor vs. Hodges, Speers, Eq. 579 and *52 593, are that the statute of uses does not apply to trusts of personalty ; but can it be doubted that, after such a disposition of lands before the statute, the legal and equitable estates would remain separately subsisting?
But it is admitted in the case of Burnett vs. Rice, that although the property were in a third person as trustee, creditors may come into this court, after exhausting their remedy at law, to make the husband’s interest in it liable to their demands. But though the settlement were simply to the use of the wife, giving the husband the control of the income, it is the wife’s property which is settled, and would be regarded as her equitable estate. It is not necessary that the property should be given to her separate use. It would come within the familiar principle, that when it is necessary for the husband, his assignee or creditors, to come into this court to get hold of the estate of the wife, they should not be permitted to do so without making a proper provision for her. The course is to refer it to the master to report a proper provision, in view of all the circumstances; whether she has been already provided for; the circumstances of her husband, herself, and the family.
The creditors in this case might institute such a proceeding; but the court is of opinion that as all the parties are before it, it may proceed to do full justice, and put an end to litigation; that the parties coming to have equity, must do equity.
It is therefore ordered that it be refered to the commissioner to enquire and report what portion of the property in question ought to be settled to the sole and separate use of the complainant, Elizabeth Jones, and the terms of such settlement.
The whole court concurred.